UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------- X

GSP SECURITIES LLC,                          :

                Plaintiff,        :

      -against-                          :

SHENZHEN JIE AN DE ENTERPRISE CO.            :
LTD,
                                             :

           Defendants.        :

--------------------------------------- X

**ECF Case**

CIVIL ACTION NO. 16-_____

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff GSP Securities LLC ("**GSP**," or "**Plaintiff**"), by its attorneys, DLA Piper LLP (US), brings this action for damages and declaratory relief against Defendant Shenzhen Jie An De Enterprise Co. Ltd ("**Shenzhen**" or "**Defendant**"), and by and for its Complaint (the "Complaint") alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for: (a) breach of contract, (b) a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and, alternatively, (c) quantum meruit.

2.      As alleged more specifically below, GSP and Shenzhen were parties to a letter agreement dated February 9, 2015 ("Agreement"), relating to the provision by GSP of financial advisory and consulting services to Shenzhen in connection with the possible direct or indirect purchase of an interest in, or assets of, the Italian professional football club, A.C. Milan S.p.A. and its affiliates ("A.C. Milan" or "Team"). (*See* Exhibit 1.) The Agreement provides, *inter alia*, that Shenzhen shall: (i) reimburse GSP for all reasonable expenses incurred by GSP in connection with the Agreement, and (ii) pay GSP a "Success Fee" should Shenzhen and/or any of its affiliates or nominees complete an acquisition of A.C. Milan within two years of the Agreement's expiration or termination, in the amount of either €5,250,000 or €4,000,000,

depending on whether the acquisition valuation exceeds a specified threshold. (*Id.* §§ 6, 5(b).) The Agreement, as amended on April 27 and December 2, 2015, expired by its terms on June 30, 2016. (*See* <u>Exhibit 2</u>.) Subsequently, on or about August 1, 2016, Shenzhen sent GSP a letter purporting to terminate the Agreement ("Termination Letter"), and informing GSP that Shenzhen, in defiance of Shenzhen's contractual obligations, would not pay GSP any fees, reimbursements and/or indemnities arising from or connected with the Agreement, whether or not Shenzhen completes any transaction relating to A.C. Milan. (*See* <u>Exhibit 3</u>.) The Agreement's relevant payment provisions, however, expressly survive any expiration or termination of the Agreement (*see* <u>Exhibit 1</u>, § 4).

3.      Upon information and belief, Shenzhen has taken considerable steps toward an acquisition of A.C. Milan, and the closing of such acquisition is imminent. In view of Shenzhen's failure and refusal to pay GSP substantial amounts due from an outstanding invoice for out-of-pocket reimbursable expenses incurred in performance of the Agreement, and Shenzhen's representation in the Termination Letter that it does not intend to pay any of GSP's fees or expenses due under the Agreement (*see* <u>Exhibit 3</u>), a real, immediate, substantial, and justiciable controversy exists between GSP and Shenzhen with respect to Shenzhen's obligation to pay GSP the agreed-upon Success Fee upon Shenzhen's completion of an acquisition of A.C. Milan.

4.      GSP seeks monetary damages to compensate GSP for the reasonable expenses incurred pursuant to the Agreement, a judicial declaration that the Success Fee is due upon the closing of Shenzhen's or its affiliate's or nominee's imminent acquisition of A.C. Milan, and, alternatively, the reasonable value of its services rendered to Shenzhen pursuant to the Agreement.

## THE PARTIES

5.      Plaintiff GSP is a limited liability company, duly formed and existing under Delaware law, and has a corporate address at 6 East 43rd Street, 19th Floor, New York, NY 10017 .

6.      Upon information and belief, Defendant Shenzhen is a company formed and existing under the laws of China, and has a corporate address at Room 615-616, Zhong Guo You Se Building, Shen Nan Avenue, Futian District, Shenzhen, China.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) as this is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between a citizen of a State and a citizen or subject of a foreign state.  Specifically, pursuant to 28 U.S.C. § 1332(c), GSP is a citizen of Delaware and New York, and Shenzhen is a citizen of China.  Moreover, GSP seeks a specific remedy based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201, the basis for which is set forth below.

8.      This Court has personal jurisdiction over Defendant by virtue of the Agreement, wherein Shenzhen "irrevocably and unconditionally consent[ed] to submit to the exclusive jurisdiction of the courts of the State of New York and of the United States District Courts located in the City of New York for any lawsuits, actions or other proceedings arising out of or relating to th[e] Agreement."  (Exhibit 1, § 18.)

9.      Venue is proper in this Court because, through the Agreement, Shenzhen "irrevocably and unconditionally waive[d] any objection to the laying of any lawsuit, action or other proceeding arising out of or relating to th[e] Agreement in the courts of the State of New York or the United States District Courts located in the City of New York" and "irrevocably and

unconditionally waive[d] and agree[d] not to plead or claim in any such court that any such lawsuit, action or other proceeding brought in any such court has been brought in an inconvenient forum."  (Exhibit 1, § 18.)

## FACTUAL ALLEGATIONS

### A.    The Agreement Between GSP and Shenzhen

10.    GSP and Shenzhen entered into the Agreement, which is dated February 9, 2015 and "relat[es] to the purchase (whether direct or indirect) of an interest in, or assets of, A.C. Milan S.p.A and its affiliates."  (Exhibit 1, Preamble.)

11.    Through the Agreement, Shenzhen "engage[d] GSP on an exclusive basis to render financial advisory services to [Shenzhen] concerning its Acquisition of A.C. Milan."  (*Id.* § 1.)

12.    In return, GSP agreed to "(a) provide advisory services, including general business and financial analysis, transaction feasibility analysis and pricing of the prospective Acquisition of A.C. Milan; (b) at [Shenzhen's] request, assist in negotiations with A.C. Milan and related strategy concerning such Acquisition; and (c) assist in corporate capital planning and risk management for such Acquisition."  (*Id.* § 1.)

13.    In consideration for GSP's services, Shenzhen agreed, *inter alia*, to pay GSP: (a) an initial retainer fee of €200,000 ("Retainer Fee'), and (b) a "Success Fee," if, during the term of GSP's engagement under the Agreement, or at any time during a period of 24 months following the effective date of termination or expiration of GSP's engagement under the Agreement, an Acquisition of A.C. Milan occurs or Shenzhen (or its affiliate or nominee) enters into an agreement which subsequently results in such an Acquisition.  (*Id.* §§ 5(a)-(b).)  The Agreement provides that the Retainer Fee shall be credited against any Success Fee.

14.     In determining whether the Success Fee is due to GSP, the Agreement defines an "Acquisition" of A.C. Milan as "any transaction or series or combination of transactions whereby, directly or indirectly, control of or an interest in A.C. Milan or any of its businesses or any amount of any of their respective assets is transferred to the Company [i.e., Shenzhen, its affiliate or nominee] for consideration, including, without limitation, by means of a sale or exchange of capital stock or assets, a merger or consolidation, a tender or exchange offer, a leveraged buy-out, a minority investment, the formation of a joint venture or partnership, entry into an option or similar agreement which grants any party the right or obligation to compel a transfer as otherwise contemplated in this paragraph, or any similar transaction." (*Id.* § 3(a).)

15.     Pursuant to the Agreement, the amount of the Success Fee differs depending on the "Enterprise Value" (*see id.* § 3(b)) at which Shenzhen's Acquisition of A.C. Milan occurs. (*Id.* § 5(b).)  Specifically, pursuant to § 5(b) of the Agreement, the Success fee shall equal: (i) €5,250,000 if the Acquisition occurs at an Enterprise Value less than €650,000,000; or (ii) €4,000,000 if the Acquisition occurs at an Enterprise Value equal to or greater than €650,000,000. (*Id.*)

16.     Pursuant to the Agreement, Shenzhen also agreed to reimburse GSP for its reasonable expenses (including, without limitation, professional and legal fees, costs of travel, and disbursements) incurred in connection with GSP's engagement under the Agreement.  (*Id.* § 6.)

17.     Pursuant to § 6 of the Agreement, GSP submitted to Shenzhen, through Shenzhen's counsel, an invoice in the amount of USD $ 73,673.24 in satisfaction of GSP's out-of-pocket expenses as of June 30, 2016 (the "June 2016 Invoice").

18.     The original term of GSP's engagement under the Agreement extended from February 9, 2015 through June 30, 2015.

19.     The Agreement further provides that either party may terminate the Agreement upon 10 days' prior written notice; provided, however, that the provisions of paragraphs 5 through 18 of the Agreement survive any termination or expiration of the Agreement. (*Id.* § 4.)

20.     GSP and Shenzhen entered into a first amendment to the Agreement on April 27, 2015, and a second amendment to the Agreement on December 2, 2015, the latter amendment extending the term of the Agreement to June 30, 2016. (*See* Exhibit 2.)

21.     The Agreement expired on June 30, 2016, and the parties have not amended or renewed the Agreement to extend its term any further.

**B.      Shenzhen's Refusal to Pay Fees and Expenses Due Under the Agreement**

22.     On or around August 1, 2016, Shenzhen sent GSP the Termination Letter claiming that GSP had breached the Agreement. Shenzhen contends in the Termination Letter that GSP violated § 16 of the Agreement, which provides: "Nothing herein shall preclude GSP (or its affiliates) from continuing or entering into business arrangements with other parties, including other European Football clubs or the European Football leagues, provided obligations of confidentiality to the Company are maintained in accordance with the terms hereof, provided that *during the term of this Agreement*, GSP shall not represent A.C. Milan or another purchaser party with respect to a transaction similar to that contemplated by the [Shenzhen]." (Exhibit 1, § 16 (emphasis added).) More specifically, Shenzhen contends in the Termination Letter that GSP was engaged to advise another potential purchaser in connection with the possible acquisition of an interest in or assets of A.C. Milan. (*See* Exhibit 3.)

23.     Notwithstanding Shenzhen's contention in the Termination Letter, GSP has not breached § 16, or any other provision, of the Agreement, and did not represent A.C. Milan or

another potential purchaser in connection with a possible acquisition of A.C. Milan during the term of the Agreement (*i.e.*, between February 9, 2015 and June 30, 2016).

24.     Shenzhen further represented in the Termination Letter its belief that "GSP shall not be entitled to any fee, reimbursement and/or indemnity arising from or connected with the [Agreement], whether or not [Shenzhen] pursues or completes any transaction related to [A.C. Milan]." (*Id.*)

25.     To date, Shenzhen has not paid GSP the amount due pursuant to the outstanding June 2016 Invoice.

**C.     Shenzhen's Steps Toward an Acquisition of A.C. Milan**

26.     Upon information and belief, A.C. Milan is owned almost entirely by Fininvest SpA, an Italian holding company controlled by the Berlusconi family.

27.     Fininvest issued a press release dated August 5, 2016 ("August 5 Press Release"), which reported that, "Mr. Silvio Berlusconi, Chairman of AC Milan, has approved the preliminary contract signed by Mr. Danilo Pellegrino, C.E.O. of Fininvest, and Mr. Han Li, representative of a group of Chinese investors, concerning the purchase of the entire stake owned by Fininvest in AC Milan equal to 99.93%" (*see* https://www.acmilan.com/en/news/club/2016-08-05/fininvest-press-release).

28.     According to the August 5 Press Release, the consortium of Chinese investors "operate through the management company Sino-Europe Sports Investment Management Changxing Co. Ltd." ("Sino-Europe Sports"), which "consists, among others of, Haixia Capital (that is a State development & investment corporation), and Yonghong Li, Chairman of the management company and main sponsor of the investor group."

29.     The August 5 Press Release further states: "Alongside Haixia Capital and Yonghong Li, other investors will acquire shares of AC Milan, some of which are State-

controlled entities. Among those investors are companies active in the financial industry and others in industrial sectors."

30.     Upon information and belief, Yonghong Li owns or controls Shenzhen, and Sino-Europe Sports is an affiliate or nominee of Shenzhen.

31.     The August 5 Press Release did not mention GSP's having acted as a financial advisor to Shenzhen or Sino-Europe Sports in connection with the acquisition of A.C. Milan;

32.     Upon information and belief, Shenzhen has taken real and considerable steps toward completing an acquisition of A.C. Milan.

33.     Based on the foregoing, and upon information and belief, Shenzhen's (or its affiliate's or nominee's) completion of an Acquisition (as defined in the Agreement) of A.C. Milan, is imminent, and an agreement for such Acquisition was entered into within 24 months after the Agreement's June 30, 2016 expiration date.

34.     Upon information and belief, the Enterprise Value (as defined in the Agreement) at which the Acquisition of A.C. Milan will occur exceeds €650,000,000.  Accordingly, upon "the first closing of an Acquisition of A.C. Milan" by Shenzhen or its affiliate or nominee, the Agreement obligates Shenzhen to pay GSP in an amount equal to €4,000,000, less the €200,000 Retainer Fee.  (Exhibit 1, § 5.)

35.     In view of Shenzhen's non-payment of the June 2016 Invoice and above-referenced representations in the Termination Letter, *inter alia*, there exists a real, immediate, substantial, and justiciable controversy between GSP and Shenzhen with respect to Shenzhen's obligation to pay GSP the Success Fee upon Shenzhen's imminent closing of an acquisition of A.C. Milan.

## FIRST CAUSE OF ACTION
### Breach of Contract
### (New York Law)

36.     GSP incorporates all preceding allegations of this Complaint by reference as though fully set forth herein.

37.     The Agreement, as amended, constitutes a binding and enforceable contract between GSP and Shenzhen.

38.     The parties agreed that the Agreement shall be "governed by and construed and enforced in accordance with the laws of the State of New York." (Exhibit 1, § 18.)

39.     GSP has performed all obligations required of it by the Agreement.

40.     Shenzhen has breached § 11 of the Agreement by failing to identify GSP as exclusive financial advisor to the prospective purchaser of A.C. Milan in connection with a publicly disseminated press release.

41.     Shenzhen has breached § 6 of the Agreement by failing and refusing to pay GSP the amounts due under the June 2016 Invoice. Pursuant to § 6 of the Agreement, Shenzhen must "reimburse GSP in cash within 14 days following GSP's request for its reasonable expenses (including, without limitation, professional and legal fees, costs of travel, and disbursements) incurred in connection with its engagement" under the Agreement." (Id. § 6.) GSP submitted the June 2016 Invoice to Shenzhen for out-of-pocket reimbursable expenses pursuant to § 6 of the Agreement and Shenzhen has failed to make payment thereof as required by the Agreement and has repudiated its obligation to do so.

42.     Pursuant to the above-referenced payment terms set forth in § 6 of the Agreement, the June 2016 Invoice in the amount of USD $ 73,673.24 is presently past due.

43.     Shenzhen's payment obligations set forth in § 6 of the Agreement expressly survive the Agreement's expiration or termination. (Exhibit 1, § 4.)

44.     As a direct and proximate result of Shenzhen's breach of contract, GSP has been injured, and is entitled, among other things, to an award of compensatory damages in an amount equal to the June 2016 Invoice, plus interest.

45.     Moreover, by representing in the Termination Letter its belief that GSP is not "entitled to any fee, reimbursement and/or indemnity arising from or connected with the [Agreement], whether or not [Shenzhen] pursues or completes any transaction related to [A.C. Milan]," Shenzhen has committed an anticipatory breach of § 5(b) of the Agreement, which obligates Shenzhen to pay GSP a specified Success Fee in cash at the first closing of an Acquisition (as defined in the Agreement) of A.C. Milan by Shenzhen.  (*See* Exhibit 1, §§ 5(b)-(c).)

46.     For all the reasons stated above, GSP is informed and believes that Shenzhen's closing of an Acquisition of A.C. Milan is imminent, and an agreement in respect of such Acquisition was entered into within 24 months after the Agreement's effective expiration or termination date.

47.     Shenzhen's payment obligations set forth in § 5 of the Agreement expressly survive the Agreement's expiration or termination.  (Exhibit 1, § 4.)

48.     In the likely event that Shenzhen completes an Acquisition of A.C. Milan, and Shenzhen fails or refuses to pay GSP the Success Fee due pursuant to § 5(b) of the Agreement, GSP will be injured as a direct and proximate result of Shenzhen's breach of contract, and shall be entitled to an award of compensatory damages in an amount to be proven at trial, but no less than € 3,800,000.00, plus prejudgment interest.

## SECOND CAUSE OF ACTION
### Declaration of GSP's Contractual Right to a Success Fee
(Declaratory Judgment Act, 28 U.S.C. § 2201)

49.     GSP incorporates all preceding allegations of this Complaint by reference as though fully set forth herein.

50.     For the reasons set forth herein, a real, immediate, substantial, and justiciable controversy exists between GSP and Shenzhen with respect to Shenzhen's obligation to pay GSP the Success Fee upon Shenzhen's or its affiliate's or nominee's completion of an acquisition of A.C. Milan.

51.     Upon information and belief, including numerous public reports and news periodicals covering the highly-publicized acquisition of A.C. Milan by the Chinese consortium of investors operating as Sino-Europe Sports, Shenzhen's closing of an Acquisition in A.C. Milan is imminent, and expected to occur on or before November 30, 2016.

52.     In view of Shenzhen's failure to pay the June 2016 Invoice, and its representation in the Termination Letter that it believes GSP is not entitled to any fees, reimbursements, or indemnities pursuant to the Agreement, regardless of whether Shenzhen completes an Acquisition of A.C. Milan, GSP is under a reasonable and immediate apprehension that Shenzhen will fail or refuse to pay the Success Fee due pursuant to § 5(b) of the Agreement upon closing of such Acquisition.

53.     GSP has fulfilled all of its obligations under the Agreement.

54.     GSP is thus entitled to a judicial declaration that, upon the first closing of an Acquisition of A.C. Milan by Shenzhen, Shenzhen is obligated to pay GSP the entire Success Fee in the amount and manner set forth in § 5(b) of the Agreement, depending on the "Enterprise Value" of such Acquisition, less the € 200,000.00 Retainer Fee.

## SECOND CAUSE OF ACTION
### Quantum Meruit, In the Alternative
(New York Law)

55.     GSP incorporates all preceding allegations of this Complaint by reference as though fully set forth herein.

56.     The Agreement, as amended, constitutes a binding and enforceable contract between GSP and Shenzhen.

57.     GSP has fulfilled all of its obligations under the Agreement, and performed financial advisory and consulting services for Shenzhen pursuant to the Agreement in good faith.

58.     Shenzhen has accepted all of the financial advisory and consulting services rendered to it by GSP pursuant to the Agreement.

59.     In reliance on the Agreement's terms, GSP expected full compensation for its services rendered to Shenzhen pursuant to the Agreement, including without limitation, reimbursement of all reasonable expenses incurred in performing under the Agreement and the agreed-upon Success Fee in the event Shenzhen or its affiliate or nominee completes an Acquisition of A.C. Milan, or an agreement with respect to such Acquisition is entered into, within 24 months after the Agreement's effective expiration or termination date.

60.     If, despite Shenzhen's completion of an Acquisition of A.C. Milan, it is determined for any reason that Shenzhen is not obligated to pay GSP a Success Fee pursuant to § 5(b) of the Agreement, or that GSP is not entitled to the entire Success Fee set forth in § 5(b) of the Agreement, GSP alternatively seeks monetary recovery equal to the reasonable value of GSP's services rendered to Shenzhen, in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, GSP prays for judgment against Defendant as follows:

1.      An award of compensatory damages in favor of GSP against Defendant for Shenzhen's contractual breaches, plus prejudgment interest, in an amount to be proven at trial, including without limitation;

      a.      Defendant's failure and refusal to pay the June 2016 Invoice, in violation of § 6 of the Agreement; and

      b.      Defendant's failure to issue a press release naming GSP as exclusive financial advisor to the prospective purchaser of A.C. Milan, in violation of § 11 of the Agreement;

2.      A declaration that, upon the first closing of an Acquisition of A.C. Milan by Shenzhen, its affiliate or nominee, Shenzhen is obligated to pay GSP the entire Success Fee as set forth in § 5(b) of the Agreement;

3.      An award of monetary damages to GSP equal to the reasonable value of services rendered to Shenzhen pursuant to the Agreement, in an amount to be proven at trial, in the absence of a judgment ordering Shenzhen to pay GSP the entire Success Fee set forth in § 5(b) of the Agreement upon the first closing of an Acquisition of A.C. Milan by Shenzhen;

4.      An award to GSP of its costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees; and

5.      An award to GSP of any such other and further relief as the court may deem just and proper.

Dated: New York, New York.
            November 8, 2016

Respectfully submitted,


By*:*    */s/ Frank Ryan*
            Frank Ryan

Frank Ryan
frank.ryan@dlapiper.com
Matthew Ganas
matt.ganas@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
212.335.4500

*Attorneys for Plaintiff GSP Securities LLC*